FAX or Internet

# UNITED STATES DISTRICT COURT
## for the
## District of Arizona

In the Matter of the Search of:

**DNA Standards for Brady Wilkie TSO, a Native American Male, DOB XX/XX/1998**

)
)
)
)  Case No.  22-4038 MB
)
)
)

### ELECTRONICALLY ISSUED SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer.

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of   Arizona._____

**See Attachment A**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**See Attachment B**

I find that the affidavit(s), or any recorded testimony, have been communicated by reliable electronic means and establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before        February 22, 2022
                                                                                                              *(not to exceed 14 days)*

[X] in the daytime  6:00 a.m. to 10 p.m.    [ ] at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the search warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a search warrant copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge _____Honorable Camille D. Bibles_____ .
                              *(Name)*

[ ] I find that immediate notification may have an adverse result as specified in 18 U.S.C. §3103a (except for delay of trial) and 18 U.S.C. §2705(a)(1)(A), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* [ ] for _____ days *(not to exceed 30)*.
                                                                                                                      [ ] until, the facts justifying, the later specific date of _____.

Date and Time Issued: _____    *Camille D. Bibles*  Digitally signed by Camille D. Bibles
                                                                                     Date: 2022.02.07 16:39:58 -07'00'
                                                                         *Judge's Signature*

City and State:    Flagstaff, Arizona             Honorable Camille D. Bibles, United States Magistrate Judge

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing Officer's Signature*

_____
*Printed Name and Title*

## **ATTACHMENT A**

## **DESCRIPTION OF PERSON TO BE SEARCHED**

Name: Brady Wilkie TSO, a Native American Male

DOB: XX/XX/1998 (full DOB known to me)

Location: In the area of Tucson, Arizona or the Tohono O'odham Indian Reservation

## ATTACHMENT B
### ITEMS TO BE SEARCHED AND SEIZED

Two (2) buccal swabs from mouth of Brady Wilkie TSO for collection of saliva (DNA) standards. The method of collection shall be oral, by inserting buccal swabs – two (2) separate buccal swabs – into TSO's mouth and collecting the saliva (DNA) standards on the buccal swabs.

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of )
)
)
**DNA standards for Brady Wilkie TSO, a Native** )
**American male, DOB XX/XX/1998** ) Case No. 22-4038 MB
)

## ELECTRONIC APPLICATION FOR SEARCH AND SEIZURE WARRANT

I, <u>National Park Service Special Agent Philip Oakes</u>, a federal law enforcement officer for the government, request an electronic search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**See Attachment A**

located in the _____ District of _____Arizona_____, there is now concealed *(identify the person or describe the property to be seized)*:

**See Attachment B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

[X] evidence of a crime;
[ ] contraband, fruits of crime, or other items illegally possessed;
[ ] property designed for use, intended for use, or used in committing a crime;
[ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2242 | Sexual Abuse |

The application is based upon the following facts:

[X] Continued on the attached sheet (see attached **Affidavit**).
[ ] Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by: *s/ AUSA Emma Mark*

Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

**Sworn by Telephone**

Date/Time: _____

City and State: Flagstaff, Arizona

PHILIP OAKES
Digitally signed by PHILIP OAKES
Date: 2022.02.07 15:00:14 -07'00'
*Applicant's Signature*

Philip Oakes, Special Agent, NPS
*Printed Name and Title*

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2022.02.07 16:38:41 -07'00'
*Judge's Signature*

Camille D. Bibles, United States Magistrate Judge
*Printed Name and Title*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**ELECTRONICALLY SUBMITTED AFFIDAVIT**

I, National Park Service Special Agent Philip Oakes, being duly sworn, depose and state the following:

1. I am a Special Agent (SA) with the National Park Service (NPS), United States Department of the Interior. I am presently assigned to the Intermountain Region and stationed at Grand Canyon National Park. I have been employed by the NPS since 2007 and have worked in the role of Special Agent and as a U.S. Park Ranger in Colorado, Texas, Washington, and Arizona. Prior to working with the NPS, I was a Law Enforcement Ranger with the City of Boulder, Colorado, from April 2004 until October 2006. I have received training at the Federal Law Enforcement Training Center and completed the Land Management Police Training and the Land Management Investigator Training Program. I have attended numerous training courses in a variety of law enforcement subjects and have conducted criminal investigations into a variety of offenses.

2. The facts and information contained in this affidavit are based upon my personal knowledge, training, and experience, as well as the observations and investigations of NPS Special Agent Hall and U.S. Park Rangers (USPRs) stationed at Grand Canyon National Park. Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not contain every fact known to your affiant concerning this investigation.

1

## INTRODUCTION

3.      As more fully detailed below, this case involves a sexual assault that took place on the South Rim of Grand Canyon National Park (GRCA), in the District of Arizona, on or about October 19, 2021.

4.      On October 19, 2021, Special Agent Heidi Hall was notified by GRCA Park Rangers that G.K. was sexually assaulted by Brady Wilkie TSO. The sexual assault occurred at the Colter Hall women's dormitory in the early morning on October 19, 2021 and lasted for several hours.

5.      The purpose of this search warrant application is to obtain DNA standards (buccal swabs) from the suspect in this case, Brady Wilkie TSO.

## INVESTIGATION/PROBABLE CAUSE

6.      On October 18, 2021, G.K. was moving into the Colter Hall dormitory to start a new job with Xanterra Resorts. While moving, she met TSO who offered to assist her in setting up her television when he returned later that night from a trip to Flagstaff. That day, the two kept in contact via text message. Later that evening, TSO told G.K. he was coming over and asked for permission to spend the night in her dorm. G.K. did not respond to the request.

7.      TSO arrived at G.K.'s dorm and the two decided to hang out and draw in G.K.'s dorm room. G.K. had one chair so she sat on the bed while TSO drew in his sketch book on the chair. TSO then went over to the bed and kissed G.K. She turned away and put her head into the pillow. TSO proceeded to remove G.K.'s pants, put on a condom, and asked if he could, "stick it in." G.K. did not respond or give consent and had what she described from past experiences of sexual abuse as a "Fawning Response." The "Fawning Response" is a coping mechanism used to

2

diffuse or avoid conflict, which G.K. said was triggered because she knew she was going to be assaulted. G.K. stated she believed TSO assaulted her vaginally four times. She recalls TSO using two different condoms and she believes he ejaculated twice in each condom. G.K. also stated that TSO digitally penetrated her vagina and performed oral sex on her without her consent.

8. On October 20, 2021, G.K. consented to a sexual assault examination at the Northern Arizona Center Against Sexual Assault in Flagstaff, AZ. The sexual assault exam revealed trauma to G.K.'s vagina and swabs for DNA were taken. The sexual assault kit was sent to the FBI Crime Lab for analysis.

9. On October 20, 2021, Special Agent Hall, USPR Jason Morris, and your affiant searched G.K.'s dorm room. Among other evidence that was located, agents discovered a single used condom containing a substance consistent with seminal fluid, which was collected and sent to the FBI Crime Lab for analysis.

10. On October 21, 2021, G.K., Special Agent Hall and your affiant conducted a confrontation call with TSO. TSO told G.K. that he doesn't get out much, doesn't have any friends, is very isolated and feels wrong about what happened. While discussing the assault, TSO also stated, "I know, I know, I shouldn't have done that. That was all on me, that was my fault." G.K. told TSO that he forced her, and he replied, "Yeah, I know, yeah, and that's why I said you don't have to talk to me." He also stated, "Okay. I know I was wrong, but I don't know why I did it, that's why." G.K. told TSO that she didn't consent, and he replied, "I know. Fuck. Yes, I am a terrible person, yes, I did that. All me, just please try to think good, positive thoughts. It's not – it's all me, it's my fault, at least I know it's my fault. I – I know you can't as a woman, I know it's hard for you to even recover from that after what I did. And, you know, I feel terrible about it."

3

11. On October 24, 2021, G.K., Special Agent Hall, and your affiant conducted another confrontation call with TSO. TSO immediately said, "Yes. I want to say that you are right, I did rape you. It was my fault that – this – this is all my fault, and I wasn't thinking, and I felt really terrible and -and then I've been thinking about you mostly all night because I was afraid that you're just gonna get no sleep or nothing because of me."

12. On October 24, 2021, Special Agent Hall and your affiant interviewed TSO. TSO stated that he believed the first time he had intercourse with G.K. it was consensual, and he used a condom. He switched out condoms and over the following hours repeatedly had intercourse with G.K. without her consent. TSO stated he should have stopped having sex with G.K., but he had not been with a woman in a long time. He also stated he took a video of G.K. consenting to intercourse but then recanted and said "It's a no. It's a 100% no," that he took a video.

**THINGS TO BE SEARCHED FOR AND SEIZED**

13. Based on my training and experience, your affiant knows that bodily fluids (such as blood, mucous, saliva, and semen) – being DNA evidence – may be transferred during a sexual assault. It is your affiant's experience that DNA evidence such as saliva and semen, can be beneficial in identifying individuals and linking suspects to crimes. In this investigation, a sexual assault exam was conducted, and evidence was collected and sent for lab analysis. In addition to the exam kit, a condom with a liquid consistent with seminal fluid collected from G.K.'s dorm room was sent to the lab for DNA analysis. DNA standards from the suspect are necessary for comparison to the evidence in this case, including the evidence described above. Such DNA may assist in further identifying TSO as the perpetrator of the sexual assault in this case.

14. Thus, your affiant respectfully requests the issuance of a Federal Search Warrant to

4

collect DNA standards from TSO. Process of collection will be limited to the seizure of DNA standards using two (2) buccal swabs. Methods of collection will be oral; that is, by inserting the buccal swabs (2) into the mouth of TSO for the purpose of collecting saliva (i.e., DNA standards).

## CONCLUSION

15. This affidavit was sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose. Based on the foregoing, your affiant respectfully submits that there is probable cause to believe evidence of a sexual assault, in violation of 18 U.S.C. § 2242, that occurred on or about October 19, 2021, in the Grand Canyon National Park, in the District of Arizona, is on or in Brady Wilkie TSO's person.

**Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to best of my knowledge.**

PHILIP OAKES
Digitally signed by PHILIP OAKES
Date: 2022.02.07 14:59:38 -07'00'

Philip Oakes, Special Agent
National Park Service
United States Department of the Interior

__X__ Sworn by Telephone

Date/Time: _____

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2022.02.07 16:39:20 -07'00'

Camille Bibles, United States Magistrate Judge

5